UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

HENRIETTA HERRIOTT,

                                Plaintiff,                    6:22-CV-6138 (CJS) (MJP)

vs                                                            DECISION and ORDER

MONROE COUNTY, JAMIE ROMEO,
REBECCA CASE CAICO, THADDEUS
MACK,

                                Defendants.

_____


INTRODUCTION

Now before the Court is Defendants' motion for discovery-related sanctions. (ECF No. 41).  The application is denied.

BACKGROUND

According to Plaintiff's Complaint "[t]his is an employment discrimination action, seeking damages and injunctive relief brought pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794; 42 U.S.C. §§ 1981 and 1983; and the New York State Human Rights Law."  Plaintiff is represented by an attorney, Arthur Schwartz ("Schwartz"), from Advocates for Justice Chartered Attorneys, which, according to the group's website, is a nonprofit public interest law firm.  Defendants are represented by attorney Robert Shoemaker ("Shoemaker") of the Monroe County Law Department.

On September 21, 2023, Defendants filed the subject 19-page "Motion for Sanctions" (ECF No. 41) pursuant to Fed. R. Civ. P. 37(b)(2)(A), seeking "(1) an order dismissing the action in its entirety or, alternatively, (2) an order striking all causes of action that rely upon

medical or psychiatric evidence on the part of the plaintiff, as enumerated in the attorney declaration, or (3) preclusion of all medical and psychological evidence, and (4) an order extending defendants' time to file dispositive motions."  The motion asserts that sanctions are necessary since "Plaintiff has failed to respond to defendants' discovery demands or to the Court's order to provide discovery."

Defendants are specifically referring to Plaintiff's failure over a period of several months to provide "medical authorizations or medical records relating to plaintiff's allegations of a diagnosis of diabetes and allegations of mental health trauma," during which time the Honorable Mark W. Pedersen, United States Magistrate Judge ("Judge Pedersen"), extended the discovery deadline several times.  On July 31, 2023, Defendant filed a Motion to Compel (ECF No. 37), which Plaintiff did not oppose.  On August 31, 2023, Judge Pedersen issued a text order (ECF No. 40) granting the Motion to Compel and directing Plaintiff to provide all outstanding discovery by September 14, 2023.  On September 21, 2023, Defendants filed the subject Motion for Sanctions, indicating that Plaintiff had not complied with Judge Pedersen's Order.

That same day, Plaintiff filed a motion (ECF No. 42) to have Judge Pedersen issue Judicial Subpoenas for the outstanding medical records.   In support of the application, Schwartz essentially indicated that he had been attempting since May 23, 2023, to obtain the subject medical records from Plaintiff's doctors, without success, despite having sent authorizations to the doctors and having followed up with "repeated phone calls" to them.  On September 27, 2023, Judge Pedersen issue a Text Order (ECF No. 44) granting Plaintiff's request for Judicial Subpoenas and setting a return date for the subpoenas of October 31, 2023.

On October 2, 2023, the court-ordered deadline for filing dispositive motions, Defendants filed a Motion for Summary Judgment.[1]

On October 11, 2023, the undersigned's Law Clerk sent an email to Shoemaker, with copy to Schwartz, asking whether, in light of the foregoing developments, including Judge Pedersen's issuance of the judicial subpoenas and Defendants' filing of the summary judgment motion, the Motion for Sanctions was moot.  In that regard, the Law Clerk indicated, in pertinent part:

> After you filed your motion for sanctions, Plaintiff's counsel filed a motion for the Court to sign subpoenas for Plaintiff's medical records, which Magistrate Judge Pedersen granted.  Plaintiff's counsel, Mr. Schwartz, also filed a declaration (ECF No. 43) in response to your motion for sanctions,  in which he offers several reasons for his failure to respond to your attempts to obtain discovery.  I further note that you subsequently filed a motion for summary judgment on behalf of defendants.  . . .  In light of the foregoing, are you still seeking a ruling on the motion for sanctions, or can the Court deny that application as moot?

In response, the Court received an automated message from Shoemaker's email account, indicating simply that, "I am out of the office until Monday, October 23, 2023."  Accordingly, the Court set the matter aside, expecting some response from Shoemaker after October 23, 2023.

However, as of October 30, 2023, the Court had received no response from Shoemaker.  Consequently, the Law Clerk re-sent the earlier message to Shoemaker, who responded in pertinent part:

> Apologies – I was out of the country and I had assumed an out-of-office message would be sent during that time period.  I have still not received the requested discovery after numerous amendments to the discovery schedule to achieve that purpose. My position is that the motion for sanctions is not moot.

---

[1] This deadline was set by Judge Pedersen prior to the aforementioned Motion to Compel, Motion for Sanctions, and Motion for Supboenas.

To this, Plaintiff's counsel, Schwartz, responded in pertinent part:

> The judicial subpoenas on the doctors were served several weeks ago, and production is due tomorrow at the Court. I am not sure what more that I could do, and why the issue is not moot. These are the only discovery items referred to in the motion.
>
> Defendant['s counsel] felt that he had enough to move for summary judgment; he could have asked for more time. My response [to the summary judgment motion] is due today.

The Court has considered the parties' submissions and declines to grant the Motion for Sanctions for the reasons stated below.

## DISCUSSION

Defendants are moving for discovery-related disciplinary sanctions under Rule 37, and the legal principles applicable to such an application are well settled.  Specifically concerning the sanctions of dismissal and preclusion, the Second Circuit has stated:

> Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976) (per curiam); *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp*., 602 F.2d 1062, 1066 (2 Cir.1979). The harshest sanctions available are preclusion of evidence and dismissal of the action.
>
> We previously have expressed our belief in the importance of appropriate sanctions as a necessary means of dealing with a recusant party.[2] *Cine, supra*, 602 F.2d at 1063–64. As we stated then, and reaffirm now, although preclusion of evidence and dismissal of the action are harsh remedies and should be imposed only in rare situations, they are necessary to achieve the purpose of Rule 37 as a credible deterrent "rather than a 'paper tiger'". *Id*. at 1064 (quoting

---

[2] A "recusant" is defined as "a person who refuses to submit to an authority or to comply with a regulation." Since this definition refers to someone who "refuses" rather than "fails," the Court infers that the Second Circuit's use of this term denotes an element of willful disregard.

Rosenberg, New Philosophy of Sanctions, in Federal Discovery Rules Sourcebook 141 (W. Treadwell ed. 1972)).

There are, of course, limitations on the court's power to impose sanctions. Rule 37(b) provides that the court may make such orders in regard to failure to comply "as are just". Although it is not for us to determine whether as an original matter we would have imposed the sanction, we will reverse only if the court abused its discretion.

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (emphasis added); *see also*, *Houghtaling v. Eaton*, No. 22-638, 2023 WL 113840, at *1 (2d Cir. Jan. 5, 2023) (reiterating that dismissal of an action under Rule 37 is "a harsh remedy to be used only in extreme situations.") (citations and internal quotation marks omitted).

The Court finds that the instant dispute over production of Plaintiff's medical records does not present the type of "rare situation" in which dismissal or preclusion is warranted. That is not to say that the Court believes Plaintiff's counsel was entirely diligent in pursuing the discovery or in keeping the Court and opposing counsel informed about the situation.  On this point, Mr. Schwartz states, "I am not sure what more that I could do."  However, the Court finds it fairly obvious that one thing he could have done was seek the judicial subpoenas much sooner than he did.  Indeed, the record indicates that on June 21, 2023, Judge Pedersen offered to sign judicial subpoenas for those same records.  Instead, Schwartz waited until a week after the deadline contained in Judge Pedersen's Order granting the Motion to Compel to ask for the subpoenas.

Nevertheless, these circumstances do not warrant the "harsh remedies" requested by Defendants, and the Court accordingly denies the application for sanctions.

The Court also declines to grant the additional relief requested by Defendants. Specifically, Defendants state: "Finally, because discovery is not complete and because defendants are being forced to engage in further motion practice, we request an extension of

time to file dispositive motions and to provide expert discovery."  However, Defendants have already filed their summary judgment motion, and have not  explained why the late production of the medical records might require them to supplement their papers.  Nor have Defendants offered any substantive argument concerning the deadline to provide expert discovery.  Accordingly, the request for an extension of the deadlines to file dispositive motions and to provide expert discovery is denied, without prejudice to Defendants making a further application on those points to Magistrate Judge Pedersen upon a showing of need.

CONCLUSION

For the reasons just discussed Defendants' Motion for Sanctions (ECF No. 41) is denied.

SO ORDERED.

DATED:        November 1, 2023
              Rochester, New York

CHARLES J. SIRAGUSA
United States District Judge