UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRIETTA HERRIOTT,<br><br>          *Plaintiff,*<br><br> v.<br><br>MONROE COUNTY, JAMIE ROMEO, REBECCA CASE CAICO, and THADDEUS MACK | **Memorandum of Law**<br>**In Reply**<br><br>Case No.  22-cv-6138-CJS-MJP |

  Summary judgment dismissing all of the causes of action should be granted to defendants for the reasons stated in the initial memorandum of law. Namely: certain causes of action are not legally permitted, certain causes of action rely on allegations that are not sufficient to rise to the level of harassment or hostile work environment, and plaintiff cannot rely on facts of an evidentiary nature to show that she was retaliated against.

  Plaintiff asserts that defendants are trying "to assert that Plaintiff is not a member of a protected class, whether it be her race or her disability." Plaintiff Memorandum of Law at 19 (Docket No. 48-2). This is not our contention. Rather, as stated in our initial memorandum of law, we contend that there is no evidence, other than plaintiff's unsupported assumptions, that she was ever retaliated against, demoted, or terminated due to either her medical condition, her race, or her earlier complaints.

  Plaintiff asserts that "by taking one sentence out of context," defendants claim that Plaintiff did not ask for accommodation. Plaintiff Memorandum of Law at 19 (Docket No. 48-2). The pertinent questions and answers were:

1

> Q. . . . After you came back to the office, when you were hybrid back at the office, were there any accommodations that you requested due to the diabetes?
>
> A. No.
>
> Q. Okay. During the time that you were back in the office full-time, were there any accommodations you requested due to the diabetes?
>
> A. I didn't request any accommodations. I felt that because I actually had my own office, and I had a refrigerator that I could keep my insulin in, and I had privacy in which to inject myself if I needed to, so I didn't ask for those accommodations . . ." Deposition of Plaintiff at 16-17 (Docket No. 45-5).

In my view, these answers are not taken out of context. Plaintiff simply testified that she did not ask for accommodations, as contended in the initial memorandum of law.

Additionally, I submit that we did make a mention of the claim for retaliatory discharge. *Cf*. Plaintiff's Memorandum of Law at 19 (Docket No. 48-2). The initial defendants' memorandum of law mentioned that plaintiff did not hear anything after she filed her Notice of Claim in November 2021 that led her to believe that she was being retaliated against (Deposition of Plaintiff at 46 ln. 18-20). The initial memorandum of law also noted that Ms. Romeo made the decision to terminate plaintiff because Ms. Romeo wanted someone different in that position (Romeo Deposition at 73 ln. 11-15). From her perspective, plaintiff "did not want to work with us, she did not want to be part of the team [Ms. Romeo] was building" (Romeo Deposition at 73 ln. 23-25). Ms. Romeo intended to terminate plaintiff in a face-to-face meeting, but "then, that day, [Ms. Romeo] received a notice that she was not going to come into the office" (Romeo Deposition at 74 ln. 16-18). Plaintiff's "lack of improvement, … she no longer seemed to have the skills and the will to meet the expectations [Ms. Romeo] needed in that position, and that's why she was – her services were no longer needed" — this was Ms. Romeo's explanation for

plaintiff's termination from employment (Romeo deposition at 81 ln. 2-6). The initial memorandum of law also argued that plaintiff's contentions fell prey to the *post hoc ergo propter hoc* fallacy. Memorandum of Law at 6-7 (Docket No. 45-2), citing *Freeman v. Town of Irondequoit*, 2023 WL 353822, *7 (W.D.N.Y. 2023), *affd* 2023 WL 7013409 (2d Cir. 2023) (summary order).

*Treglia*, cited in plaintiff's memorandum of law, is distinguishable from the instant case because here, plaintiff herself provided no testimony that would lead a reasonable fact finder to conclude that the defendants' non-retaliatory reasons for her termination were mere pretext. *Cf. Treglia v. Town of Manlius*, 313 F.3d 713, 722 (2d Cir. 2002) (Treglia claimed that his supervisor said "if [Treglia] wants to play hard ball, we can swing the bat back and play hard ball too"; Treglia was able to point to "glowing letters of recommendation" written by supervisors months before the adverse employment action). Here, plaintiff, "for per part, has failed to produce sufficient evidence that any actions taken against her were motivated by retaliation, rather than [defendants'] stated reason." *Jackson v. New York City Department of Education*, 768 Fed.Appx. 16, 18 (2d Cir. 2019) (summary order); *see also Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise"); Romeo deposition at 85 ln. 4-7 (Romeo set up the June 18 meeting before she was aware of the DE&I complaint).

Plaintiff's allegations of a hostile work environment and harassment consist solely of facts that, even if believed, as they must be at this stage, simply do not rise to the level required to make a work environment hostile. *See generally Freeman v. Town of Irondequoit*, 2023 WL 7013409, *3 (2d Cir. 2023), comparing *Littlejohn v. City of New York*, 795 F.3d 297, 321 (2d

Cir. 2015). Plaintiff's allegations of retaliation must be dismissed because she has failed to produce evidence that would lead a reasonable trier of fact to conclude that the County's reasons for termination, cited above, were pretextual. *See Molina v. City of Rochester*, 2017 WL 1194493, *10-11 (W.D.N.Y. 2019). Summary judgment should be granted to defendants on all causes of action.

Respectfully submitted,

Dated:  November 11, 2023

**JOHN P. BRINGEWATT, COUNTY ATTORNEY**
*Attorney for defendants*

/s/ Robert J. Shoemaker
_____
**Robert J. Shoemaker, Esq. of Counsel**
Deputy County Attorney
307 County Office Building
39 West Main Street
Rochester, New York 14614
Telephone:  585.753.1472